FARMERS' LOAN & TRUST CO. v. CHICAGO & N. P. R. CO. et al.

(Circuit Court, N. D. Illinois. August 28, 1902.)

1. RECEIVER OF FEDERAL COURT—ACTION AGAINST IN STATE COURT—INJUNCTION.

　　The receiver of a federal court in a railroad foreclosure suit cannot be sued without its leave in a state court on a claim against the mortgagor, which arose prior to the receivership; and where recourse against the mortgaged property has been cut off by the sale and proceedings in foreclosure, after giving all claimants an opportunity to be heard, and the receiver has disposed of the funds in his hands by order of the court, it will enjoin the prosecution of such an action.

In Equity. On petition by receiver for an injunction restraining the prosecution of an action against him in a state court.

Herbert S. Turner, for plaintiff.

H. S. Boutell, for defendant railroad company.

JENKINS, Circuit Judge. The receiver petitions the court to restrain the prosecution of an action brought against him in a state court, on November 21, 1898, without the permission of this court, by Ludwig Backhaus, administrator of the estate of Sophia Backhaus, for her death, occasioned by a train of cars striking her, which train was operated upon the tracks of the Chicago & Northern Pacific Railroad Company. The receivership of that road was by order in this cause of October 10, 1893, the road being at that time leased by the Chicago & Northern Pacific Railroad Company to the Wisconsin Central Railroad Company, and in the possession of and operated by the latter. The order appointing the receivers forbade them to take possession of any of the property so leased until the express order of the court. The receivers were not so ordered, and did not take possession, until July 1, 1895, which was subsequent to the time of the injury to the intestate of the plaintiff in the suit in the state court. It is thus clear upon the facts that the estate represented by the receiver should not be held liable for the death, unless the Chicago & Northern Pacific Railroad Company, as lessor,

¶ 1. Actions by and against receivers, see note to Plow Works v. Finks, 26 C. C. A. 49.

is liable for the act of the Wisconsin Central Company, and that, therefore, they could pursue the estate of the former company in the hands of the receiver. In respect of such liability the circuit court of appeals of this circuit and the supreme court of the state of Illinois are at variance; the former holding that there is no such liability. On June 20, 1896, a decree was entered providing for the sale of the road, which was sold November 17, 1896 (and the sale confirmed on November 18, 1896), free and clear from all incumbrances and from all claims except such as should be adjudged by this court to be prior in lien or superior in equity to the mortgage foreclosed, and to the current liabilities of the receiver incurred, or obligations assumed or imposed upon him by order of the court. Provision was made for the presentation of all claims against the property, and limiting the time for their presentation, which had expired before the suit by Backhaus, his claim not being presented. The receiver had, before the commencement of the suit by Backhaus, under orders of the court, disposed of all moneys and property in hand. It will thus be seen that the claim of Backhaus—if it was a valid claim against the Chicago & Northern Pacific Railroad Company—is cut off by the decree of foreclosure and the sale thereunder, and is not one that may be imposed upon the purchased property under the decree; that it never was a claim against the receiver, and did not arise under the operation of the road by him. I am unable to distinguish the case from the decision in Stewart v. Railway Co. (filed March 27, 1902) 117 Fed. 782. The case of McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11, 35 L. Ed. 796, is only to the effect that a receiver may be sued in a state court for an act done by a prior receiver of the property in his possession. That does not conflict, for the receivership is but one thing, and the property is the object sought to be reached for the act of one receiver or another in its management. The claim here is not different from that of a like claim against a railway corporation whose road has been sold under mortgage, and recourse to the mortgaged estate cut off by the foreclosure. The receiver is not to be sued in a state court for claims against the corporation without leave of court. Under the statute he may be so sued for his acts in the management of the property, but one would think there must be a limit, practically, at least, to even such suits, for the claim must be charged upon the property sold, to be of any efficacy, and where the property is sold discharged of claims for which the receiver as such is not liable, the property cannot be charged therefor, and the receiver cannot be sued in respect thereof, without leave of the court. The suit sought to be enjoined was brought two years after the confirmation of the sale, for an injury caused by the lessee of the principal defendant here, for which, as held by the federal authority of this circuit, it is not liable. The road at the time of the accident was not operated by or in possession of the receiver. The suit against him is not by leave of this court, and is not of the class permitted by the statute.

The injunction must, therefore, be allowed.