CHICAGO, R. I. & P. RY. CO. v. LINCOLN HORSE & MULE COMMIS-
SION CO. et al.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1922.)

No. 5746.

Creditors' suit ⬉⟿54(2)—Order requiring creditors to file claims or be barred valid and effective.

Where a court of equity, through its receivers, has taken possession of the property of an insolvent corporation in a creditors' suit, it holds the same in trust, to administer and distribute among all unsecured creditors, to effect which distribution it is indispensable to know, as far as possible, the amount of the claims against it, and an order and notice requiring all creditors to file their claims within a reasonable time fixed or be forever barred and foreclosed is reasonable, valid, and effective.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

⬉⟿For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

Suit in equity by the Chicago, Rock Island & Pacific Railway Company against the Lincoln Horse and Mule Commission Company, a partnership, and others. Decree for defendants, and complainant appeals. Reversed.

Guy C. Chambers, of Lincoln, Neb. (E. P. Holmes, of Lincoln, Neb., on the brief), for appellant.

Wilmer B. Comstock, of Lincoln, Neb., for appellees.

Before SANBORN and LEWIS, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal of the Chicago, Rock Island & Pacific Railway Company from a decree of dismissal of its complaint against the Lincoln Horse & Mule Commission Company for an injunction, on the ground that the complaint did not state facts sufficient to constitute a cause of action. That complaint and exhibits attached to it alleged the facts with reference to the suits, the proceedings, and decrees in American Steel Foundries against the railway company and Bankers' Trust Company as trustee, against the railway company, which are recited in the statement and opinion of this court in Joseph Phipps et al. against the railway company, which is filed herewith. 284 Fed. 945. Reference is made to that statement and opinion for a more extended statement of those facts. In addition to the facts there stated, the complaint in this case contains averments that on April 22, 1915, there was filed in the United States District Court for the District of Nebraska a certified copy of the ancillary proceedings in the creditors' suit against the railway company in the United States District Court for the Western District of Missouri; that the receiver appointed by the District Court of the Northern District of Illinois in those suits had the exclusive possession and control and operated all the property of the railway company from April 20, 1915, until June 24, 1917, when, pursuant to that court's final decree that property was delivered back to the railway company; that on February 22, 1915, the Lincoln Horse & Mule Commission company, a copartnership, hereafter called the defendants, brought an action against the railway company for damages to a shipment of horses, and on September 26, 1917, they recovered a judgment against it for $1,000 in the District Court of Lancaster County in the state of Nebraska; that notice of the order of the District Court of the Northern District of Illinois of February 10, 1917, which required all those having claims against the railway company or its property to file them with its special master not later than the 10th of April, 1917, was personally served on one of the defendants and on their attorney prior to April 1, 1917; that the defendants were duly notified of the adjudication in the final decree in that court that all persons having claims against the railway company, except mortgage bondholders, not theretofore proved in that court, present and file them with the special master on or prior to June 14, 1917, and that each such claim not so filed, unless allowed to be filed by a separate order, be "barred, determined, and held for naught, and barred from participation in any way in any of the property of the defendant railway company," but the defendants never filed

their claim; that the railway company has repeatedly offered and tendered, and still offers and tenders, to the defendants the same proportionate beneficial interests in the reorganized railway company that pursuant to the final decree it has paid or offered to other unsecured creditors, to wit, the 6 per cent. preferred stock of the reorganized company to the amount of their judgment and interest, share for share, but the defendants have refused to accept these offers, and have caused an execution to be issued on their judgment and to be delivered to the proper sheriff, directing him to levy upon, seize, and sell sufficient of the property of the railway company to pay their judgment, interest, and costs in full in cash. Upon this state of the facts the railway company prayed in its complaint for a temporary and permanent injunction against the collection by the defendants of their judgment by means of their execution, or in any other way than that provided and permitted by the final decree of the District Court of the Northern District of Illinois and by the ancillary decree in this circuit.

The facts of this case are analogous to the facts in the case of Phipps against the railway company, to which reference has already been made. There is, however, this distinction. Mr. Phipps filed his claim with the special master, as required by the order of the District Court of the Illinois District, the master allowed it, a like offer was made to him as to the defendants, and he declined to accept it. The defendants, on the other hand, were duly notified of the order and of the provision of the final decree requiring the defendants to present their claim to the special master within the times specified therein, and adjudging that claims not so filed were barred, determined, and for naught held, and foreclosed from participating in any way in any of the property of the railway company, but the defendants did not file their claim. This distinction, however, presents no legal or equitable difference between the two cases. While the complaint in this suit contains no direct averment that the railway company was insolvent, yet that complaint and the exhibits attached to and made a part of it convince that it was so until it was made solvent by the substitution of the stock of the reorganized company for the claims of its creditors, and until under the final decree of the Illinois court its property was delivered back to it. When the District Court of Illinois had secured jurisdiction of the creditors' suits, had appointed its receiver, and had taken possession of all the property of the railway company to administer and distribute it, it held that property in trust, subject to the liens of bondholders secured by mortgages, for the benefit of all its unsecured creditors and stockholders pro rata according to the ranks of their claims. The defendants by their action at law had secured no lien on or interest in that property superior to that of any other creditor before this trust for all the creditors and stockholders vested in the Illinois court, and they could not obtain any such lien or interest thereafter, because all that property was thereafter protected therefrom by the exclusive legal custody of that court.

When a court is empowered and obliged to execute such a trust, its proceeding is in the nature of a proceeding in rem. It is indispensable

to the administration and distribution of the property that the court should know as far as possible, before it proceeds to adjudge the equities of the cestuis que trust and to distribute to them their respective shares in the property or in the proceeds, the claimants who seek to participate in it and the amounts and extent of their claims. In order to secure this information it has long been the lawful and approved practice of courts of equity and of probate courts to adjudge and decree and to give notice thereof by publication or otherwise that all who desire to participate in the distribution of the property or its proceeds must present their claims to the court or its master within certain speci-'fied times, and that all who fail so to do shall be thereby barred and ·foreclosed from any lien upon or interest in the property in the hands of the court or in its proceeds. Such orders and decrees are primarily 'and chiefly for the aid of the court in the discharge of its duty of distribution, although they are also very beneficial to claimants. Such orders and decrees are lawful, customary, and effective, and the failure of the defendants to present their claims estopped them and barred them from all right to or interest in the property of the railway company in the custody of the court. Farmers' Loan & Trust Co. v. Chicago & N. P. R. Co. (C. C.) 118 Fed. 204, 205; Western New York '& P. R. Co. v. Penn Refining Co. 137 Fed. 343, 367, 70 C. C. A. 23.

After the defendants had thus estopped themselves from claiming any share of this property of the railway company, the court might have sold it to a stranger to the proceeding, vested a perfect title in him free from the claim of the defendants, and it might have distributed all the proceeds equitably among those who presented their claims as required. The title of such a purchaser, however, would have been protected from the claims of the defendants, not by the sale of it, but by the decree of the court foreclosing and barring such claims. Just before the District Court of Illinois delivered the property back to the reorganized railway company, the insolvent company had no property. That court, by its final decree, equitably distributed the property in its custody by adjudging to the claimants holding equities therein their just shares in it in the form of stocks of the reorganized company. It had the same jurisdiction and power to protect, by its final decree and adjudication, the title to that property which it passed to the reorganized company from the claims of the defendants and others in their situation that it would have had to have protected that title from them in a purchaser under its judicial sale, and, by its final decree and injunctions it did so protect it. All the property the railway company now has is presumptively either property delivered to it pursuant to that final decree or the income or proceeds of that property, and the defendants are bound and enjoined by the final decree from enforcing their claims against any of that property, or against the railway company itself on account of it.

For these reasons, and others stated in the opinion and statement in the Phipps Case, the decree below must be reversed, with costs; and let this case be remanded to the court below, with directions to reinstate the temporary injunction that was dissolved, or to issue a similar

injunction on receipt of the mandate herein, then to permit the defendants below to answer, and to proceed in accordance with the views expressed in this opinion.