## COMMERCIAL ELECTRICAL SUPPLY CO. v. CURTIS et al.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1923. Rehearing Denied June 14, 1923.)

No. 6081.

1. **Equity ⬤⟲114—Intervener is bound by proceedings to same extent as original parties.**

   As a general rule, one who voluntarily intervenes in a suit in equity thereby becomes a party to the suit, and is in the same situation, bound by the same orders and decrees, and subject to the same estoppels as though he had been a party to the suit from the commencement thereof.

2. **Equity ⬤⟲114—Verified claim and intervening petition of creditor makes claimant a party.**

   The voluntary filing by a creditor of a verified claim and intervening petition in a suit in which receivers had been appointed for the defendant corporation makes the claimant thenceforth a party to the suit, charged with notice of all proceedings therein, bound by all the orders and decrees thereof, and vested with the right to appeal from the final decrees, if it felt aggrieved thereby.

3. **Judgment ⬤⟲713(2)—Conclusive against claims which might have been presented by parties.**

   A judgment is res judicata, not only as to every claim and defense which the parties made, but also as to every claim and defense which they might have made, so that a final decree awarding mortgages priority against the proceeds of a receiver's sale, from which no appeal was taken, is conclusive against a subsequent amended intervening petition, claiming estoppel of the mortgagee to deny priority to the creditor's debt, though such claim had not been made in the original intervening petition filed before the decree.

4. **Mortgages ⬤⟲496—Petition held not to show equity to have judgment of foreclosure set aside in favor of unsecured creditor.**

   Where an unsecured creditor filed his claim and intervening petition before the receiver's sale, without claiming priority over the mortgages, an amended intervening petition, filed by him after the final decree had been rendered, claiming the mortgagee was estopped to deny priority, does not show an equity entitling him to have the decree set aside under the power of the court, during the term in which it was rendered, to set it aside for excusable mistake or for fraud undiscovered and undiscoverable before the decrees were rendered.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit in equity by John J. Murphy against the Commonwealth Public Service Company, in which W. L. Curtis was appointed receiver of the defendant company. From an order dismissing an amended petition by the Commercial Electrical Supply Company to intervene and have its claim adjudged prior to the mortgage indebtedness, the intervening creditor appeals. Affirmed.

James B. McDonough, of Ft. Smith, Ark. (Marion C. Early, of St. Louis, Mo., on the brief), for appellant.

Vincent M. Miles, of Ft. Smith, Ark. (Thomas B. Pryor, of Ft. Smith, Ark., on the brief), for appellees.

Before SANBORN and KENYON, Circuit Judges, and SYMES, District Judge.

SANBORN, Circuit Judge. This is an appeal from an order of dismissal of an amended petition in intervention of a creditor claimant, which was filed after the final decree of foreclosure in a suit in equity had been rendered. That suit was commenced by John J. Murphy, an unsecured creditor, on May 14, 1920, when he filed a bill in equity against the Commonwealth Public Service Company, a corporation, hereafter the defendant, for the appointment of a receiver of its business and property on account of its insolvency, the administration thereof, the hearing and adjudication of all claims against it and its property, their amounts, and their respective ranks. The defendant admitted the averments of the complaint, and on May 15, 1920, W. L. Curtis was appointed receiver of its property and business.

There were two recorded mortgages of April 1, 1918, upon this property to Ft. Dearborn Trust & Savings Bank and Frank M. Forrey, trustees for the holders of bonds and notes issued under and secured thereby, and the principal of these bonds and notes was $990,000. On January 6, 1921, the trustees filed their intervening complaint in the suit wherein they alleged that these mortgages constituted the first and paramount liens upon all the property of the defendant and that they were due, and they prayed for the sale of the property, the application of the proceeds to the payment of the debts due the holders of the mortgage bonds and mortgage notes, and the foreclosure of all other claims against the property.

The defendant, when the receiver was appointed, was indebted to the claimant, the Commercial Supply Company, a corporation, on an open account for goods sold to it in 1919 and 1920 to the amount of about $49,000. By its amended intervening petition which the court below dismissed the claimant is asking to maintain and enforce an equitable lien upon the property of the defendant and its proceeds superior to the liens of the bonds and notes secured by the mortgages. The basis of its claim to this superior lien alleged in its amended petition is that the claimant sold and delivered the goods for which the defendant is indebted to it between June, 1919, and May 14, 1920, that during that time the defendant was indebted to W. G. Souders & Co., hereafter Souders & Co., in about $300,000, and was financially embarrassed, that Souders & Co. knew and the claimant did not fully know this financial embarrassment, that Souders & Co. owned some of the mortgage bonds, were buying more, and represented all the other holders of the mortgage bonds and mortgage notes, that Souders & Co. were in actual control of and were managing the affairs and business of the defendant, that they represented to and promised the defendant that its claim for payment of the goods it was delivering would be paid in preference to the mortgage bonds and mortgage notes, and by this representation and promise secured the delivery of these goods which were added to and became a part of the property of the defendant, that in all that Souders & Co. promised and represented they were authorized to and acted for all the holders of the mortgage bonds and mortgage notes and the trustees in the mortgages and the latter subsequently ratified their representations, promises and acts. The claimant insists that by these representations, promises, and acts

the bondholders and noteholders were estopped from enforcing their mortgage liens against the defendant's property until after its claim was fully paid out of the proceeds of that property.

Counsel for the trustees and for the holders of the mortgage bonds and mortgage notes severely criticize the allegations of the amended petition and forcibly contend that they do not state facts which would constitute an estoppel of their clients even if they were in a complaint in an original suit by the complainant against them to enforce its averred estoppel and to maintain its alleged equitable lien. But, as in the opinion of the court the sufficiency of those averments in a complaint, or answer in an original suit, is not decisive of the correctness of the order to dismiss the amended petition, a discussion of that question is omitted.

Conceding that, if the amended intervening petition were a complaint or an answer by the complainant in an original suit between it and the trustees, or the holders of the mortgage notes or mortgage bonds, the alleged estoppel and claim for a paramount lien would be sufficiently pleaded, we turn to the question: Was there, notwithstanding this concession, any mistake of fact or error of law by the court below which rendered its dismissal of the amended petition unjust or inequitable?

[1] It is the general rule that one who voluntarily intervenes in a suit in equity thereby becomes a party to the suit, is in the same situation, bound by the same orders and decrees, and subject to the same estoppels, as though he had been a party from the commencement thereof. Frank v. Wedderin, 68 Fed. 818, 822, 823, 16 C. C. A. 1; Swift v. Black Panther Oil & Gas Co. (8th C. C. A.) 244 Fed. 20, 28, 29, 156 C. C. A. 448; Bowdoin College v. Merritt (C. C.) 59 Fed. 6, 8; Jack & Toner v. D. M. & Fort Dodge Ry. Co., 49 Iowa 627, 629; 2 Foster, Federal Practice, p. 1313, § 259d. The final decree of foreclosure and sale of the defendant's property, which adjudged the two mortgages of April 1, 1919, to be the first and paramount liens upon it, that it should be sold to pay the bonds and notes secured thereby, and that the claims of all other parties claiming through or under the defendant should be forever foreclosed, was rendered on October 3, 1921. On November 28, 1921, a substituted final decree differing from the former decree in no respect material to the questions in this case, was rendered and entered. The record contains nothing to indicate, much less to prove, that the claimant ever pleaded, proved, or suggested prior to the rendition of these decrees or prior to December 20, 1921, when it filed its amended intervening petition, the estoppel of the trustees or of the holders of the bonds and notes or its superior equity in or lien upon the property of the defendant that it averred in its amended intervening petition.

[2] Counsel for the claimant stated in their reply brief that the claimant filed an intervening petition in the suit on June 6, 1920, and the court assumes that to be the fact. The record contains no copy of that petition. It does, however, contain a copy of a verified claim of the claimant filed on that day with the receiver, wherein no lien, estoppel, or superior equity was claimed, and the receiver subsequently

classified that claim and reported it to the court as an open account for which no lien was claimed. The voluntary filing of this verified claim and of this intervening petition in the equity suit on June 6, 1920, made the claimant thenceforth a party to this suit in equity, charged it·with notice of all proceedings therein, bound it by all the orders and decrees thereof, and vested it with the right to appeal from the final decrees if it felt aggrieved thereby. Ex parte Jordan, 94 U. S. 248, 251, 24 L. Ed. 123; 2 Foster, Federal Practice, p. 1313, § 259d; St. Louis-San Francisco Ry. Co. v. McElvain (D. C.) 253 Fed. 123, 130, 136; Phipps v. C., R. I. & P. Ry. Co. (C. C. A.) 284 Fed. 949, 952, 955; C., R. I. & P. Ry. Co. v. Lincoln Horse & Mule Co. (C. C. A.) 284 Fed. 955, 957, 958.

[3] The record does not disclose any appeal by the claimant from the final decrees of October 3, 1921, and November 28, 1921, and in the absence thereof its claim of estoppel of the trustees and of the holders of the mortgage bonds and mortgage notes and its claim of an equity in or lien upon the property of the defendant or the proceeds thereof superior to those of the holders of the mortgage bonds and mortgage notes, are res judicata against it. They are claims finally and conclusively adjudged against it by the decrees because it was a party to the suit in which the decrees were rendered, and before they were rendered it had notice of the claims made by the trustees and the holders of the mortgage bonds and mortgage notes and had the right to present and to obtain a hearing and adjudication of its claim of the estoppel and of its claim of an equity and lien superior to those of the trustees and the holders of the bonds and notes. A final decree or judgment of a court between parties to a suit therein, of whom and concerning the subject-matter of which it has jurisdiction, renders not only every claim and defense which they made and obtained a decision of, but also every claim and defense that they might have made and that the court might have decided in that suit res judicata between them.

In Beloit v. Morgan, 7 Wall. (74 U. S.) 619, 622 (19 L. Ed. 205), the Supreme Court quoted with approval, this statement of the law upon this subject by the Vice Chancellor, in Henderson v. Henderson, 3 Hare, 115:

"In trying this question, I believe I state the rule of the court correctly, that where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted a part of their case. The plea of res judicata applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

Again, the established rule is that if a second suit upon the same cause of action between the same parties as the first arises, the judg-

ment in the first suit is conclusive in the second suit upon every question which was or might have been presented and determined in the first suit. Pierce v. National Bank of Commerce (C. C. A.) 268 Fed. 487, 494, and cases there cited. And the judgment and decree in the first suit is equally conclusive between the parties to it as to every question and issue which was or might have been presented and determined in the first suit, although no subsequent suit was ever brought.

The claimant, by its amended intervening petition, in reality attempted to institute a second suit to try the issue of the priority and superiority of the equities and liens of the trustees and the holders of the mortgage bonds and notes over its alleged estoppel and its alleged equity, an issue tendered by the trustees' intervening petition. and which the claimant might have litigated in this suit in equity at any time before the final decrees were rendered, but an issue finally adjudicated against the claimant and all others claiming under the defendant by the final decrees except those expressly excepted by the decrees themselves, of whom the claimant is not one. St. Louis-San Francisco Railway Co. v. McElvain (D. C.) 253 Fed. 133, 136; Phipps v. Chicago, Rock Island & Pacific Ry. Co. (C. C. A.) 284 Fed. 949, 952, 955; Chicago, Rock Island & Pacific Ry. Co. v. Lincoln Horse & Mule Co. (C. C. A.) 284 Fed. 955, 957, 958.

[4] It is not denied that the court below during the term in which the decrees were rendered, had jurisdiction to set them aside for excusable mistake, for fraud undiscovered, and undiscoverable before the decrees were rendered and which induced the decrees or prevented a defense to them but the record presents nothing of that nature. And, in view of the facts that the claimant presented its verified claim wherein it sought no lien and filed its first intervening petition on June 6, 1920; that the trustees filed their intervening petition setting forth their mortgages and alleging that they were the first and superior liens upon the property, and praying for a decree for the sale thereof, the application of the proceeds of the sale to the payment of the bonds and notes secured thereby, and the foreclosure of all other liens upon and claims against the property on January 6, 1921; that the claimant never pleaded or presented the estoppel or the superior lien or equity it pleads in its amended intervening petition until it filed that petition, more than eleven months after the trustees filed their petition for a foreclosure of the mortgages, and more than two months after the final decree of October 3, 1921, was rendered; and that the final decrees of October 3, 1921, and November 28, 1921, have rendered the issues which the claimant seeks to present by its amended petition res judicata against it, the court is unable to resist the conclusion that there was no error of law, mistake of fact, injustice, or inequity in the dismissal of the claimant's amended intervening petition, and that dismissal must be and it is

Affirmed.