ROSSEAU & WARREN *v.* RICHARD T. CULL and ALBERT CHITTENDEN.

By the law of New York a promissory note, executed by one of two or more joint debtors for a book account against the whole, will not operate as payment, unless there be an express stipulation to that effect.

Payments made generally, when there is nothing in the circumstances of the case to show how the debtor expected them to apply, may be applied by the creditor, as he chooses.

THIS was an action of book account, in which the auditor, to whom, after a judgment to account, it had been referred by the county court, reported a balance due the plaintiffs upon the following facts, found by him, to wit:

The defendants on the 4th May, 1839, were partners under the firm of R. T. Cull & Co. and, on that day, bought of plaintiffs a bill of goods amounting to $119.65, which

were charged on book. Between that time and the 19th October of the same year, the partnership between the defendants was dissolved, the defendant, Cull, agreeing to assume and pay all the debts of the firm. On the said 19th October, the defendant, Cull, called on the plaintiffs, at Troy, informed them that his partnership with Chittenden had been dissolved, and that he was desirous of settling the partnership account by note, to which the plaintiffs consented, and defendant, Cull, made and delivered them his individual note for the amount of the account and interest, payable in sixty days, at the Farmers and Mechanics Bank, in Burlington, Vermont. Afterwards, on the same day, the defendant, Cull, bought in his own name, of plaintiffs, a quantity of goods, for which he gave his note payable at the same bank, in four months. A statement of the account against R. T. Cull & Co. was made and delivered to defendant, Cull, in which the debt was balanced by a credit for 'R. T. Cull's 'note at 60 days, at Farmers & Mechanics Bank, Burlington,' which statement was dated October 19, 1839, and signed by the plaintiffs. There was no agreement that the note should operate a discharge of the account, and the plaintiffs were not aware that the note was signed by Cull alone, until several days after its date. Both notes were protested for non-payment at their maturity. The defendant, Cull, afterwards made several deposits in said Bank to the credit of the plaintiffs, of which he notified them, the first of which amounting to sixty dollars, he directed them to apply on their first note, and at the same time informed them that he would deposite the balance in a few days. The other deposits were unaccompanied by directions as to their application. All the sums, thus deposited, were applied by the plaintiffs on the second note. On the hearing before the auditor the plaintiffs offered to give up and discharge the first note. The auditor allowed the sixty dollar payment and found for the plaintiffs to recover the balance of their account with interest.

The county court accepted the auditor's report and rendered judgment thereon for the plaintiffs, to which the defendants excepted.

*Stevens & Seymour*, for defendants, contended that, although there was no express agreement that the note was to

be received in discharge of the account, yet such was the intention of the parties and that this intention was fairly inferrable from the facts found by the auditor, and that the same facts proved an implied direction from Cull to the plaintiffs to apply the subsequent deposits to the payment of the first note.

They cited, 12 Vt. R. 450, 248, 609 ; Gow on Partnership, 266–7–8 ; *Newmarch* v. *Clay,* 14 East, 239 ; Cox's Digest, 537 ; *Hammersly* v. *Knowlys,* 2 Esp. Rep. 665.

*H. E. Hubbell,* for plaintiffs, insisted that the note was not to be regarded as payment, and cited *Tobey* v. *Barber,* 5 Johns. 68 ; *Putnam* v. *Lewis,* 8 Johns. 304 ; *Douglass* v. *Cowles,* 5 Day, 511 ; *Barlet* v. *Atwater, et al.* 1 Conn. 409 ; *Bill* v. *Porter, et al.* 9 Conn. 23 ; *Mouldon* v. *Whitlock,* 1 Cowen, 290.

The opinion of the court was delivered by

REDFIELD, J.—This, being a New York contract, both as respects the place of execution and the place of performance, must be determined by the New York law. Whatever amounts to payment by that law, will be a defence to a suit upon the note everywhere ; so also of the converse of this.

The law upon this subject, in the state of New York, is well settled. It may well be expressed in the language of the court in *Tobey* v. *Barber,* 5 Johns. 68, ' It is a rule well ' settled, and repeatedly recognized in this court, that taking ' a note, either of the debtor, or of a third person, for a pre- ' existing debt, is no payment, unless it be expressly agreed ' to take the note as payment, and to run the risk of its being ' paid.' *Putnam* v. *Lewis,* 8 Johns. 304, was the case of a note given by the debtor, and the same principle is recognized. *Mouldon* v. *Whitlock,* 1 Cowen, 290, is the case of two debtors out of four giving their note for an account, against the whole, with the consent of the creditors, but with no express agreement that it should be received in payment. The court held it could not operate as payment. That case is, in principle, the same as this, and in its circumstances much stronger in favor the note operating as payment. It is obvious that, by the law of New York, the note of Cull did not extinguish the right of action against the defendants.

FRANKLIN,
January,
1842.

Stone
v.
Berkshire
Cong. society.

In regard to the payments made by Cull after this note fell due, when he had also another note due the plaintiffs, and gave no directions how the money should be applied, we think the plaintiffs were fully justified in applying the money, as they did, to their other note.    No principle, perhaps, is better established, than that when the debtor makes no appropriation of money, paid generally, the creditor may make his own application, unless there be something in the case to show a different expectation on the part of the debtor.

Judgment affirmed.