FRANK W. TARBOX *vs.* ANDREW J. CHILDS & another.

Suffolk.   January 7, 1896. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & LATHROP, JJ.

*Promissory Note — Payment — Conflict of Laws — Lex Loci Contractus — Action.*

If goods are sold in another State, for which the vendee pays partly in cash and for the balance sends to the vendor there a promissory note made and payable here, the law of this Commonwealth, that a negotiable note taken for an antecedent debt is deemed to be a payment, unless there is something to show a contrary intention, which rule of law does not prevail in the other State, will not affect the vendor, who may maintain an action to recover the balance due for the goods; and it makes no difference that successive notes were given.

CONTRACT, to recover a balance of the purchase price for horses sold by the plaintiff to the defendants. Answer, payment. Trial in the Superior Court, without a jury, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows.

The following facts were agreed. In May, 1893, the plaintiff, at Fredonia, in the State of New York, sold to the defendant Childs certain horses, and promised to deliver the horses at Fredonia. The defendant agreed to pay to the plaintiff one thousand dollars in cash at Fredonia, upon the delivery of the horses. The plaintiff forthwith delivered the horses to the defendant at Fredonia, but the defendant did not, at the time of delivery, pay anything towards the purchase price agreed upon. A few days later, the defendant sent by mail from Boston to the plaintiff at Fredonia $675 in cash, to be applied on the purchase price. A few months later, the defendant sent to the plaintiff by mail from Boston to Fredonia his promissory note for $325, payable at Boston in three months from date.

There was no agreement or understanding at any time between the parties as to whether that note or the renewal notes hereinafter mentioned should be accepted by the plaintiff in payment of the balance due or not, except such, if any, as can be implied from the facts herein set forth. When the first note became due, the defendant renewed it by another, which was the same as the first in all terms except the date. This renewal note was also sent by mail from Boston to Fredonia, and with it was sent a cash payment of the interest due on the first note to the date of maturity thereof. The plaintiff returned the first note, on request of the defendant, and retained the second note and the payment of interest.

When the second note became due, it was in turn renewed by the defendant by another note, which was likewise mailed from Boston to Fredonia, accompanied by a cash payment of the interest due on the second note. The plaintiff, as before, retained the third note and the payment of interest, and sent back the second note to the defendant.

The first note was indorsed in blank, and delivered by the plaintiff, before its maturity, to Colburn Brothers, of Fredonia, and, upon receiving from the defendant the second note, the plaintiff indorsed that note in blank and delivered it to Colburn Brothers in exchange for the first note, which was given up by Colburn Brothers to the plaintiff and sent by the plaintiff to the defendant, as above stated. The third note was dealt with in the same way, and the second note returned to the plaintiff and sent by him to the defendant. At maturity the third note was duly presented to the defendant at the place of payment in Boston mentioned in the note, and payment demanded, which was refused; and the note was then legally protested. Thereupon the plaintiff took back from Colburn Brothers the protested note. No part of the principal thereof has ever been paid, nor any interest thereon. The plaintiff brought into court and tendered to the defendant the protested note, which tender was refused.

The agreed facts were the only evidence at the trial, with evidence of the law of the State of New York so far as the same was applicable to those facts, and shown by the decisions of the courts of that State in the following reported cases: *Tobey* v.

*Barber,* 5 Johns. 68.　*Burdick* v. *Green,* 15 Johns. 247.　*Van Eps* v. *Dillaye,* 6 Barb. 244.　*Neff* v. *Clute,* 12 Barb. 466.　*Vansteenburgh* v. *Hoffman,* 15 Barb. 28.　*Central City Bank* v. *Dana,* 32 Barb. 296.　*Olcott* v. *Rathbone,* 5 Wend. 490.　*Miller* v. *Ritz,* 3 E. D. Smith, 253.　*Winsted Bank* v. *Webb,* 39 N. Y. 325.　*Hoag* v. *Wade,* 2 Hilton, 114.　*Eisner* v. *Keller,* 3 Daly, 485.

The defendant Childs, who alone defended, objected to the admission of evidence of the law of New York, and requested the judge to rule that the effect of the delivery and receipt of the notes set forth in the agreed facts was to be determined solely by the law of this Commonwealth; and further requested the judge to rule as follows :

" 1.　The question whether the first note is to be presumed to have been given in payment of the pre-existing debt or not is a question to be determined according to the laws of Massachusetts.

" 2.　Upon the agreed facts and the pleadings, it is to be presumed that the first note was given by the defendant and received by the plaintiff in payment and satisfaction of the pre-existing debt due the plaintiff for the purchase price of the horses.

" 3.　Upon all the evidence, the plaintiff is not entitled to recover.　　.

" 4.　Upon all the evidence, it is to be presumed that the second note was given by the defendant and received by the plaintiff in payment of the first note."

The judge refused to give any of the rulings requested; and found for the plaintiff.

*P. G. Bolster,* for the defendant Childs.

*J. Walker,* for the plaintiff.

ALLEN, J.　The defendant Childs contends that the notes given to the plaintiff were Massachusetts contracts, and that they should be interpreted and have effect according to the law of Massachusetts. That would be so if a question arose in an action upon the notes, or either of them. *Shoe & Leather National Bank* v. *Wood,* 142 Mass. 563.　But the present action is brought on the original contract, and not on either of the notes. The plaintiff seeks to recover what the defendants agreed to pay him as the price of the horses sold. The defendants' promise was made in New York, and was to be performed there. They

were bound to make payment in that State, and the question is whether they have done so. They paid a part in cash, and for the residue they sent by mail from Massachusetts to the plaintiff in New York their note made in Massachusetts and payable here. By the law of Massachusetts a negotiable note taken for an antecedent debt is deemed to be a payment, unless there is something to show a contrary intention. The rule in New York is the other way. The plaintiff in New York was not affected by the rule which prevails here. The defendants' promise to pay him in that State remained unperformed and undischarged, according to the law of that State. It makes no difference that successive notes were given. The plaintiff was to be paid there, and he has not yet been paid according to the law of New York, and is entitled to recover. *Vancleef* v. *Therasson*, 3 Pick. 12. *Rosseau* v. *Cull*, 14 Vt. 83. *Winsted Bank* v. *Webb*, 39 N. Y. 325. *Olcott* v. *Rathbone*, 5 Wend. 490. Story, Confl. of Laws, § 332.                         *Judgment for the plaintiff.*