In re T. A. McINTYRE & CO.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 119.

1. BANKRUPTCY (§ 328\*) — ADMINISTRATION OF ESTATE — CLAIMS TO ASSETS — POWER OF COURT.

A court having as a necessary incident to its power to administer a bankrupt's estate the power to summarily dispose of claims to assets in its possession may limit the time for claimants of funds to prove their title to less than the year which the statute allows for the proof of claims of creditors, providing notice be given to the claimants and a reasonable time afforded them.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.\*]

2. BANKRUPTCY (§ 328\*)—ADMINISTRATION OF ESTATE—CLAIM TO FUNDS—TIME FOR PRESENTATION.

Where a claim of title to a fund in the possession of trustees in bankruptcy was not presented till nearly 11 months after the time fixed for such claims had expired, during which time the referee had passed on all claims to title and was ready to file a report, and the affidavit of the petitioner's attorney does not state of whom he inquired nor the information he got, as to the possession by the trustees of the fund he claimed, nor whether he could not have sooner obtained the necessary information by the exercise of ordinary diligence, the court did not abuse its discretion in denying a motion to permit him to file his claim.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.\*]

Appeal from the District Court of the United States for the Southern District of New York.

In the Matter of the Bankruptcy of T. A. McIntyre & Co. From an order denying the petition of Edward Pierce for leave to file a claim of title against moneys and securities in the hands of the trustees after the time for filing such claims fixed by the court had passed, he appeals. Affirmed.

Charles O. Brewster (S. J. Rosensohn, of counsel), for appellant.

Irving L. Ernst and D. Raymond Cobb (M. N. Schwarzschild, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. April 10, 1908, Edward Pierce, the petitioner, bought through McIntyre & Co. 100 shares of Great Northern preferred stock which he paid for and left in their hands. They wrongfully sold the same and deposited the proceeds in their account

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the National Bank of Commerce. May 21st McIntyre & Co. were adjudicated bankrupts. They had borrowed $200,000 from the bank upon various securities as collateral, a large part of which the bank sold out under the collateral note. After applying the balance to the credit of the bankrupt and the proceeds of sale of the securities, there remained in the hands of the bank $32,177.62 in cash and certain securities. May 26th the court ordered the bank to pay over the cash and securities to the receivers, which was done, and also ordered all persons making any claim thereto to file their claims on or before June 26th in the office of the referee or be forever barred. May 15, 1909, the petitioner, upon the affidavit of his attorney that he had inquired in June, 1908, whether the stock or its proceeds had reached the hands of the receivers and been informed that they had not, but that recently he had received information indicating that a part of the proceeds of the stock was on deposit in the bank, moved for leave to prove his right to share in the fund, notwithstanding the fact that the time fixed for so doing had expired. This motion the court denied, as made too late.

The petitioner contends that the court had no power to so limit the time for claimants of the fund to prove their title, because the bankruptcy act permits claims of creditors to be filed within a year from the adjudication. But the court was dealing with strangers, and not with creditors; and, if the estate is to be distributed within a year from adjudication, claims of title to funds or securities in the hands of the trustee must be sooner disposed of. We think the court of bankruptcy has as a necessary incident to its duty to administer the bankrupt's estate the power to summarily dispose of claims to assets in its possession. Collier on Bankruptcy (7th Ed.) 408. Of course, notice must be given to the claimants, and a reasonable time afforded them within which to prove their claims. This petitioner had notice, and, as he made no objection to the time fixed, he is not now in a situation to say that it was too short. What he seeks to do is to be relieved of the time limit, and for that purpose he suggests to the court grounds for exercising its discretion in his favor. When, however, it is considered that he did not ask for relief until nearly 11 months after the period fixed had expired, during which time the referee had passed upon all claims of title and was ready to file an elaborate report, and, further, that the affidavit of his attorney does not state of whom he inquired in June, 1908, nor what information he got, nor when nor from whom he got the subsequent information, what that information was, and whether it could not have been sooner obtained by the exercise of ordinary diligence, we think the court cannot be said to have abused its discretion in denying the motion.

The order is affirmed, with costs.