In re ENNIS et al.

In re SHERWOOD.

(Circuit Court of Appeals, Second Circuit. May 13, 1912.)

No. 219.

BANKRUPTCY (§ 116*)—PROCEEDINGS TO RECLAIM PROPERTY—LACHES.

Where certain stocks which had been pledged by a bankrupt firm of brokers as collateral, some of which they held for customers under various arrangements, were released and turned over to their receiver, and an omnibus notice was published requiring all claimants to any of such stocks to file their claims by a time stated or they would be barred, the court is not required to consider a claim filed more than two years after the expiration of such time, in the absence of allegation and proof that the claimant did not have actual knowledge of the notice.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

Coxe, Circuit Judge, dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Thomas A. Ennis and Charles F. Stoppani, bankrupts. On appeal by Frederick D. Sherwood from an order denying his petition to reclaim certain stocks. Affirmed.

See, also, 183 Fed. 859; 187 Fed. 720, 109 C. C. A. 468; 187 Fed. 726, 109 C. C. A. 474; 187 Fed. 728, 109 C. C. A. 476.

This cause comes here upon appeal from an order of the District Court, Southern District of New York, denying the petition of the appellant for an order directing the trustee in bankruptcy to turn over certain certificates of stock now in the possession of the trustee.

The petition was filed June, 1911. It alleges that appellant is the owner of these shares of stock, that the certificates were issued, and still stand, in his name, and that he appears as the owner on the books of the corporations issuing such stock. That he has never sold, assigned or transferred his interest in the said shares, nor parted with his property in the same; that previous to the year 1909 the certificates of stock without any indorsement of any kind or any transfer were intrusted by appellant to a third party; that appellant's name was forged to the transfers or assignments and the certificates pledged with Ennis & Stoppani as security for some transaction, the details of which are unknown to appellant. Subsequently these certificates were used by Ennis & Stoppani as collateral to a loan from the Mechanics' Bank. After bankruptcy the bank liquidated its loan by the sale of a portion of the collateral and after such liquidation there remained in its hands a number of securities including these certificates of stock, which were turned over to the receiver. The usual order was made directing the receiver to advertise for all claimants with notice that unless claims were filed on or before August 10, 1909, they should be barred.

The district judge was of the opinion that Sherwood was fully advised of the omnibus proceeding, and denied him leave to bring reclamation because he had "failed to assert his right for more than two years with his eyes wide open."

Wilmer Canfield & Stone (Karl T. Frederick, of counsel), for appellant.

H. H. Kaufman and Dix. W. Noel, for appellees.

Hays Hershfield & Wolf (Edwin D. Hays, of counsel), for trustee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). We do not find in the record before us anything to show whether appellant did or did not have actual knowledge of the omnibus proceeding. Had all the statements of fact presented to us upon the oral argument been submitted to the district judge, with a positive statement that Sherwood had no knowledge of the pending omnibus proceeding, it is probable that he would have given appellant an opportunity to prove them, and, if proved, would have administered suitable relief. Certainly under the circumstances thus asserted it would be inequitable to turn his property over to creditors who have no title to it. But the record which has been certified, being a transcript of the record in the District Court, neither proves nor tenders sufficient to call for a determination of the application other or different from that reached in such court.

The order is affirmed.

COXE, J. (dissenting). I am unable to concur in the opinion of the court. If the allegations of the opinion be true, 31 shares of stock, worth $6,480 and owned by the petitioner, are about to be divided among the creditors of the bankrupts. It is alleged in the petition that these shares were stolen from the petitioner, his signature forged to blank assignments and the certificates pledged as security with the firm of Ennis & Stoppani, the bankrupts, without the knowledge, consent or approval of the petitioner, who received his first accurate information concerning the transaction in December, 1910.

The sole reason for refusing the petitioner the right to reclaim his property was that he did not prove his title at the hearing before the referee in the so-called "omnibus proceeding," notice of which was published in the New York Times. Whether or not he had actual notice of this proceeding does not appear.

Even if it be conceded that he was guilty of laches in this respect, it seems to me that he should be permitted to prove his title. If the property had been sold and divided without notice of his claim, a different situation would be presented. But the property is still in the hands of the trustee, and there can be no just ground of complaint if it be restored to its true owner. No one has been misled; no rights have been lost by the delay. I cannot avoid the conclusion that a great injustice may be done if this petitioner is denied the right to prove that the securities in question belong to him. All he asks is a fair hearing on the merits.

To state the proposition bluntly, stolen property belonging to the petitioner is about to be divided among creditors who have no shadow of title to it if the petition states the truth. That the District Court, exercising in bankruptcy the powers of a court of equity, is, because of alleged laches, precluded even from hearing the proof, is a proposition to which I cannot assent.

I think the testimony should be taken, and if it appears that the property was stolen from the petitioner, it should be restored to him without delay.