### In re GAY & STURGIS.

#### (District Court, D. Massachusetts. April 3, 1915.)

#### No. 20856.

1. BANKRUPTCY ☜228—CERTIFICATE OF REFEREE—FINDINGS OF FACT.

A certificate of the referee in bankruptcy on petition for review, which shows that he decided that it was proper to establish a time limit, as requested by trustees, for the bringing of petitions for the reclamation of securities and the establishment of liens, and that the limit established was reasonable, shows findings of fact which must stand, where the evidence is not reported.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. ☜228.]

2. BANKRUPTCY ☜224—RECLAMATION OF SECURITIES AND ESTABLISHMENT OF LIENS—AUTHORITY OF REFEREE—ESTABLISHING TIME LIMIT.

The referee in bankruptcy has power to fix a time limit for customers and creditors of a bankrupt stockbroker to file petitions for the reclamation of securities and claims to establish liens on cash in possession of the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. ☜224.]

In Bankruptcy. In the matter of Gay & Sturgis, bankrupts. Decree limiting time on reclamation proceedings affirmed.

Thomas M. Vinson, of Boston, Mass., for trustees.

Franklin T. Hammond and Horblit & Wasserman, all of Boston, Mass., for creditors.

MORTON, District Judge. Gay & Sturgis were stockbrokers against whom an involuntary petition was filed on May 22, 1914. Adjudication followed, and the case was referred to Mr. Referee Gibbs. As is not uncommon in failures of this character, many claims were made to specific property in the hands of the trustees. On December 28, 1914, the trustees petitioned:

"That the time within which customers and creditors of said firm may bring petitions for the reclamation of securities and claims to establish liens on the cash now in the possession of said trustees might be limited and fixed."

An order of notice thereon was issued by the referee, returnable January 16, 1915. Numerous creditors appeared in objection to the petition. The referee, after hearing, granted the prayer of the petitioners, and made a decree fixing February 20, 1915, as "the last day for customers and creditors of said bankrupts to file petitions with the

court for the reclamation of securities and to establish liens on the cash now in the possession of said trustees." The time limited was subsequently extended to March 20, 1915. The objecting creditors brought petitions for review, and the matter is here on the certificate of the referee.

[1] The certificate, as I understand it, shows that the referee decided that it was proper to establish a time limit as requested by the trustees, and that the time limit established by him was a reasonable one for this case. These are findings of fact, and, as the evidence is not reported, must stand.

[2] The only question now open is whether, assuming the referee's action to have been advisable, and the time fixed reasonable, he had power to make the decree in question. I rule that he did. In re McIntyre & Co., 24 Am. Bankr. Rep. 4, 176 Fed. 552, 100 C. C. A. 140; Nauman Co. v. Bradshaw, 27 Am. Bankr. Rep. 565, at 567, 193 Fed. 350, 113 C. C. A. 274.

Decree affirmed, except that the time limited is extended to and including May 15, 1915.