ZIMMERMANN ET AL. *v.* SUTHERLAND, ALIEN PROPERTY CUSTODIAN, ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 180. Argued March 1, 1927.—Decided May 16, 1927.

In a suit under the Trading with the Enemy Act to satisfy a claim of the plaintiffs as depositors against an Austrian bank (whose property in this country was seized under the Act), the debt being due

and payable in Austria and governed by the Austrian law, a payment into court there, which by that law operated as a discharge, is a complete defense. P. 255.

7 F. (2d) 443, affirmed.

APPEAL from a decree of the Circuit Court of Appeals in a suit brought under the Trading with the Enemy Act by depositor-creditors of an Austrian bank, property of which in this country had been seized by the Alien Property Custodian during the war. The District Court awarded a recovery at the rate of exchange on August 12, 1919. The court below reversed this, holding that a deposit of kronen in Austria, April 1, 1920, had operated as a discharge.

*Mr. Charles E. Hughes*, with whom *Messrs. Joseph M. Hartfield* and *Hamilton Vreeland, Jr.,* were on the brief, for appellants.

*Mr. Samuel R. Wachtell* for appellee Wiener Bank-Verein.

*Solicitor General Mitchell, Assistant Attorney General Farnum,* and *Mr. Dean Hill Stanley,* Special Assistant to the Attorney General, for appellees Sutherland, Alien Property Custodian, and White, Treasurer of the United States, submitted.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to reach and apply property in the hands of the Alien Property Custodian or the Treasurer of the United States, seized as property of the Wiener Bank-Verein, as allowed by the amendment of The Trading with the Enemy Act of June 5, 1920, c. 241; 41 Stat. 977. The appellants were the plaintiffs. Before the late war they were depositors in the Wiener Bank-Verein, and on April 6, 1917, had on deposit 2,063,799.03 kronen,

The war intervened and after the cessation of hostilities the plaintiffs demanded the amount of said kronen on deposit as of April 6, 1917, at the average call rate of exchange for the month preceding the outbreak of war between the United States and Austria· Hungary, viz., 11.18 United States cents for each Austrian krone. The General Civil Law of Austria, § 1425, provided that—If a debt could not be paid because of dissatisfaction with the offer or other important reasons the debtor might deposit in court the subject matter in dispute, and that if legally carried out and if the creditor was informed, this measure should discharge the debtor and place the subject matter delivered at the risk of the creditor. The creditor not being satisfied with what the Bank was willing to do, the Bank, on April 1, 1920, deposited the amount stated to be due in the proper court, with interest at 2½ per cent., and notified the plaintiffs. It relies upon the deposit as a defence, and the Circuit Court of Appeals held it to be one, 7 Fed. (2d) 443, overruling the decision of the District Court which allowed a recovery at the rate of exchange on August 12, 1919, on the ground that the plaintiffs showed that they wanted their money, although they made no adequate demand, on that day. ·2 F. (2d) 629.

The decision of the Circuit Court of Appeals was right and in view of the recent case of *Deutsche Bank Filiale Nurnberg* v. *Humphrey*, 272 U. S. 517, does not need extended reasoning. Here as there the debt was due and payable in the foreign country. The only primary obligation was that created by the law of Austria-Hungary and if by reason of an attachment of property or otherwise the courts of the United States also gave a remedy the only thing that they could do with justice was to enforce the obligation as it stood, not to substitute something else that seemed to them about fair. The distinction between the *Deutsche Bank* case and *Hicks* v. *Guin-*

*ness,* 269 U. S. 71, is not, as argued, that the plaintiff in *Hicks* v. *Guinness* was in the United States, but that, as the Court understood the facts, the debt was payable in New York and subject to American law, so that upon a breach of the contract there arose a present liability in dollars. As the present debt was governed wholly by the law of Austria-Hungary on April 1, 1920, when the deposit was made, it was discharged by the deposit which was substituted as the only object of the creditor's claim. An elaborate argument is made that the original contract between the parties was dissolved by the war. Such considerations are immaterial when it is realized that in any view of all that had happened the only obligations of the Wiener Bank-Verein were those imposed by the law of Austria-Hungary, and that if that law discharged the debt the debt was discharged everywhere.

The plaintiffs argue that they have rights under the Treaty of August 24, 1921, between the United States and Austria. But the short answer is that their rights against the Bank were ended before that treaty was made. They also urge that this is a suit under The Trading with the Enemy Act. But so was *Deutsche Bank* v. *Humphrey.* That Act did not turn the Austrian into an American debt and impose a new and different obligation upon the Austrian Bank.

*Decree affirmed.*