**In re ZIMMERMANN et al.**

District Court, S. D. New York.
Feb. 10, 1933.

Rogers & Whitaker and Cook, Nathan & Lehman, all of New York City (Spier Whitaker, Frederick F. Greenman, Nathan Greene, and D. William Leider, all of New York City, of counsel), for petitioners.

George V. Triplett, Jr., of New York City, and Louis Titus and Charles L. Frailey, both of Washington, D. C., for respondents.

PATTERSON, District Judge.

This is a petition filed in the bankruptcy proceeding of Zimmermann & Forshay, by Z. & F. Assets Realization Corporation and others, to enjoin the respondents from continuing further with a suit in equity brought by them in the Supreme Court of the District of Columbia. The case raises nò disputed issues of fact.

Zimmermann & Forshay was a firm engaged in the sale of securities with its principal place of business in this district. On June 20, 1923, an involuntary petition in bankruptcy was filed against the partners of the firm and a receiver was appointed by this court. As is usual in the bankruptcy of such a concern, the court issued an order on the receiver's petition directing all claimants to any property in the possession or custody of the receiver, as well as all creditors, to file their claims on or before a specified date, in this case July 12, 1924. The order provided that any failing to file should be forever barred from making any claim to the property. There was no adjudication of bankruptcy. The bankruptcy proceeding terminated in a composition confirmed by the court and carried out under its orders, whereby the creditors were paid a cash dividend and all the remaining assets of the firm were transferred to Z. & F. Assets Realization Corporation, a corporation created for the purpose of liquidating the assets and distributing the proceeds among the creditors. The Z. & F. Corporation issued to the creditors certificates of beneficial interest. The receiver was discharged on November 23, 1926.

Among the assets of the bankrupt firm was a debt owed by the Deutsche Bank of Berlin. The debt arose out of a balance in marks on deposit to the credit of Zimmermann & Forshay at the outbreak of war between the United States and Germany, and the balance came to 5,091,571.70 marks. On the

part of the Deutsche Bank there was no dispute as to the existence of the debt, but there was a dispute as to the amount payable, in view of the fall of the mark in relation to the dollar. Prior to bankruptcy Zimmermann & Forshay had filed with the Mixed Claims Commission, United States and Germany, a claim to recover this debt at the rate of exchange prevailing in April, 1917. They had also commenced a suit in this court against the Alien Property Custodian and the Deutsche Bank, in another effort to get the debt paid at what they regarded as a proper rate of exchange. The receiver took control of both proceedings down to December, 1924, when the claim against the Deutsche Bank was transferred, along with other property, to Z. & F. Corporation. This corporation thereafter prosecuted the claim before the Mixed Claims Commission, with the result that on June 14, 1927, an award of $817,134.87, with interest from January 1, 1920 was made in its favor. Following up the award, it filed application for payment with the Secretary of the Treasury under the Settlement of War Claims Act (50 USCA, Appendix), and the application was later allowed in the sum of $1,143,988.78, this being for the amount of the award with interest to January 1, 1928. Prior to July 10, 1929, payments on account to an extent over $400,-000 had been made by the Secretary of the Treasury to the Z. & F. Corporation.

On July 10, 1929, one Doerschuck commenced a suit in equity in the Supreme Court of the District of Columbia to enjoin the Secretary of the Treasury from making further payments on the award to the Z. & F. Corporation. The ground of the suit is that the bank account in the Deutsche Bank, although in the name of Zimmermann & Forshay, had actually been held in trust by that firm for Doerschuck and many other persons. For present purposes it is unnecessary to discuss the facts said by Doerschuck to give rise to his alleged equitable interest in the bank account. It suffices to say that the alleged facts occurred prior to the bankruptcy of Zimmermann & Forshay, and that the bill of complaint has been held by the Court of Appeals of the District of Columbia to set forth a trust relationship as to the deposits in the bank account and to state grounds for equitable relief. Doerschuck v. Mellon, 60 App. D. C. 383, 55 F.(2d) 741. More than a thousand persons have intervened in the Doerschuck suit, setting up claims similar to his and praying for like relief. The Z. & F. Corporation is a defendant in the suit and in its answer it has interposed as one of its defenses the bar order by the bankruptcy court already referred to.

With matters in this condition, the Z. & F. Corporation and certain of the creditors who hold its certificates of beneficial interest filed this petition, entitled in the bankruptcy proceeding, and asking that Doerschuck and the interveners be enjoined from prosecuting further the suit in the District of Columbia and from asserting any claim to the fund created to pay the award of the Mixed Claims Commission. The petition is based primarily upon the bar order of this court in 1924. It is alleged, and not denied, that in the bankruptcy proceeding no claim was filed as to the bank account in the Deutsche Bank by Doerschuck or any of the other respondents. It is not claimed, however, that these persons had any notice of this order or of the bankruptcy proceeding in the course of which the order was made. Doerschuck has appeared and answered the petition.

■ 1. The respondents urge that at no time was the bank account in the Berlin bank property in the custody of the bankruptcy court, and that there was no jurisdiction therefore for the exercise of summary jurisdiction over it. This argument cannot be sustained. The bank account did not represent earmarked money in Germany. It was a mere debt owed by the German bank to the bankrupts. Deutsche Bank v. Humphrey, 272 U. S. 517, 47 S. Ct. 166, 71 L. Ed. 383. Zimmermann v. Sutherland, 274 U. S. 253, 47 S. Ct. 625, 71 L. Ed. 1034. The bank never disputed the origin or existence of the debt, but only the amount that should be paid to liquidate it. It may be granted that summary jurisdiction over the debtor was not possessed by the bankruptcy court. It could not have issued a valid order upon the bank to pay, the bank protesting the jurisdiction. But the situation is otherwise between the receiver and adverse parties who might claim ownership or interest in the bank account. The legal title to the chose in action was in the bankrupt firm, as the respondents themselves alleged in their suit in equity. The bank knew only Zimmermann & Forshay as its creditor. The papers evidencing the debt were in the bankrupt's possession, and legal proceedings had been instituted to collect the debt at what the bankrupt firm considered the proper figure. The papers as well as the control of the proceedings passed to the receiver. Under the circumstances the bankrupts' "possession" of this species of intangible property was sufficiently real to give the bankruptcy court summary jurisdiction to

decide its ownership as between the bankrupt and adverse claimants. In re Borok (C. C. A.) 50 F.(2d) 75; Street v. Pacific Indemnity Co. (C. C. A.) 61 F.(2d) 106; Chicago Board of Trade v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 68 L. Ed. 533; In re Ransford (C. C. A.) 194 F. 658; Orinoco Iron Co. v. Metzel (C. C. A.) 230 F. 40. The fact that the debtor was outside the jurisdiction makes no difference. See O'Dell v. Boyden (C. C. A.) 150 F. 731, 10 Ann. Cas. 239. The cases relied on by the respondents are not in point, except perhaps in re Interocean Co. (D. C.) 232 F. 408, which is not now regarded as stating the correct rule. See In re Hoey, Tilden & Co. (D. C.) 292 F. 269, 272. If in the present case the receiver had been cognizant of Doerschuck's claim of an equitable interest in the bank account, and had obtained on proper petition an order directing him to show cause why his claim should not be held void by the bankruptcy court, a challenge by Doerschuck that there was no summary jurisdiction to determine the validity of his claim would have been futile.

■ 2. The contention that the order confirming the composition and discharging the alleged bankrupts terminated the court's jurisdiction is not impressive. That order preceded the bar order in point of time, and the argument advanced by the respondents is that the court lost jurisdiction as soon as the order of confirmation was signed. The Bankruptcy Act (section 12, 11 USCA § 30) provides that, upon confirmation of a composition, the consideration shall be distributed as the judge may direct, and the case shall be dismissed. Here the order of confirmation provided for the distribution of the property and continued the case for that purpose, as was appropriate and necessary in carrying out the composition. The jurisdiction of the court over the property still in its custody was not ended by the order of confirmation. In re Kalnitzsky Bros. & Oppenheim (D. C.) 285 F. 649, affirmed (C. C. A.) 285 F. 652. The authorities relied on by the respondents, In re Frischknecht (C. C. A.) 223 F. 417, In re Hollins (C. C. A.) 229 F. 349, and In re Hollins (C. C. A.) 238 F. 787, were instances where the property involved had never been in the court's possession, actual or constructive, and are not in point.

■ 3. The respondents' argument, based on the fact that the fund or special account now in the United States Treasury was never in possession of the bankruptcy court, cannot be sustained. This point is irrelevant. The fund is merely the product of the bank account and of the claim filed with the Mixed Claims Commission, and both of these were sufficiently in possession of the bankrupts to give summary jurisdiction to the bankruptcy court. The intimate connection between the present fund and the old bank account appears from the respondents' own pleadings in the suit they commenced, their sole claim to the fund being founded ·upon the assertion of an equitable interest in the bank account that stood in the name of the bankrupts. If they are barred from claiming any interest in the bank account, they are likewise barred on their own pleadings from asserting any claim to the fund.

4. The real question in the case concerns the effect of the bar order in the bankruptcy proceeding, in view of the fact that the order was apparently not brought to the notice of the respondents, and the further fact that apparently the respondents had no notice of the bankruptcy of Zimmermann & Forshay. I mention these as facts, not because of any proof as to them, but because the petition and supporting affidavits fail to allege that the respondents had notice or knowledge of these matters, and until the contrary is shown it must be taken as true that they had no notice or knowledge either of the order or of the bankruptcy itself. All that is alleged in this connection is that the bar order was served as specified in the order, by mailing a copy to all creditors and other persons interested whose names appeared on the bankrupts' books and by two publications in a New York newspaper.

■ The power of the bankruptcy court to issue an order to claimants of property in custody of the court to prove their claims within a reasonable time or be barred of any interest in the property cannot be questioned. As a court endowed with equity jurisdiction it has the power and duty possessed by courts of equity to determine who are the owners of the property in its possession in course of administration and as a necessary incident thereof to require claims to such property to be filed by a specified date on pain of being otherwise not recognized. In re Rochford (C. C. A.) 124 F. 182, 187; In re McIntyre & Co. (C. C. A.) 176 F. 552; In re Lathrop, Haskins & Co. (C. C. A.) 223 F. 912; In re Gay & Sturgis (D. C.) 224 F. 127; In re Irving Whitehouse Co. (C. C. A.) 293 F. 287, 292. The practice came from early orders of the kind issued by the English Court of Chancery in the administration of decedents' estates. Employers' Liability Assurance Corporation v. Astoria Ma-

hogany Co. (C. C. A.) 6 F.(2d) 945. The statutory limitation in the Bankruptcy Act § 57n, 11 USCA § 93 (n), that no claims of creditors shall be filed subsequent to six months after adjudication, does not apply to claims of ownership of property adverse to the bankrupt and his estate. Nauman Co. v. Bradshaw (C. C. A.) 193 F. 350. The order directed to claimants of property in the receiver's possession, therefore, though made in a bankruptcy case, has the same operation and effect as a like order by a court of equity in the case of an equity receivership.

█ The order has not the sweeping effect claimed for it by the petitioners. It is not per se a bar against claimants later asserting interests in the property. It is no more than one of several factors to be considered in determining whether a claimant who fails to file his claim is estopped or barred by laches from later asserting it. St. Louis & San Francisco R. Co. v. Spiller, 274 U. S. 304, 314–315, 47 S. Ct. 635, 71 L. Ed. 1060. A person who had no notice of proceedings in chancery for distribution of a fund among several parties interested and who was not guilty of laches or unreasonable neglect is not precluded from later asserting his claim against the trustee, receiver, or other custodian in possession of the fund, if still undistributed, or against the distributees, if distributed, and this is true although there was an order that those not coming in before the fixed date should be excluded from the benefit of it. Williams v. Gibbs, 17 How. 239, 15 L. Ed. 135. As already observed, it is not claimed in this case that the respondents had any notice or knowledge of the Zimmermann & Forshay bankruptcy, to say nothing of notice or knowledge of the order to file claims. In the absence of notice or knowledge of any kind, the bar order does not foreclose them from asserting their claims, and for this reason the injunction asked for cannot be granted.

We might have a case where a bankrupt had in his possession property to which he had no vestige of right or title and where the bankruptcy court in the course of administration had issued an omnibus order to claimants to come in and make their claims or be barred from later enforcing them. It would be a strange thing to say that the true owner, who had never heard of the bankruptcy or of the order, was barred, simply by reason of his failure to file a claim, from pressing his ownership to the property wherever he could later find it. The facts here are, of course, different, but on principle the assumed case

is not distinguishable from the situation presented by this petition so far as the feature of the order to file claims is concerned. In the cases relied on by the petitioners, the claimants who were enjoined from taking independent proceedings had notice of the receivership and of the order for filing claims. Phipps v. Chicago, Rock Island & Pacific R. Co. (C. C. A.) 284 F. 945, 28 A. L. R. 1184; Chicago, Rock Island & Pacific R. Co. v. Lincoln Horse & Mule Commission Co. (C. C. A.) 284 F. 955. See, also, Leadville Coal Co. v. McCreery, 141 U. S. 475, 12 S. Ct. 28, 35 L. Ed. 824; In re McIntyre & Co., supra; In re Lathrop, Haskins & Co., supra.

There is also the question whether an injunction should be allowed in any event, the bankruptcy case having been closed some seven years ago and the present suit in the District of Columbia not being an attempt by the respondents to relitigate any question of title actually litigated in the bankruptcy proceeding. That point need not be determined now, since the petitioners on another ground are not entitled to the injunction they are seeking. The petition will be dismissed.