**In re ZIMMERMANN et al.**

**In re Z. & F. ASSETS REALIZATION CORPORATION et al.**

**No. 456.**

Circuit Court of Appeals, Second Circuit.

July 17, 1933.

For opinion of District Court, see 4 F. Supp. 801.

Rogers & Whitaker and Cook, Nathan & Lehman, all of New York City (Spier Whitaker, Frederick F. Greenman, Nathan Greene, D. William Leider, and Bernard Soman, all of New York City, of counsel), for appellants.

Louis Titus and Charles L. Frailey, both of Washington, D. C., and George V. Triplett, of New York City, for appellees Doerschuck.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This appeal by Z. & F. Assets Realization Corporation and others is from an order of the District Court dismissing their petition praying for an injunction restraining the prosecution of a suit now pending in the Supreme Court of the District of Columbia. The application is grounded upon the claim that the action there is barred by an order of the District Court for the Southern District of New York made May 22, 1924.

Since 1908, Zimmermann & Forshay, bankers, had a checking account with the Deutsche Bank of Berlin, Germany. Payments were stopped during the war. Appellees alleged that they purchased German government bonds which were deposited in the bankers' account at the Deutsche Bank. During the war, interest on the bonds was paid into the bankers' account by the government. In 1919 the bankers delivered the bonds to the appellees with checks for the interest due in marks. The checks were drawn, not upon their pre-war account, but on a post-war account set up by the bankers by purchasing marks at 4 cents in the market. In 1922, the bankers filed a claim with the Mixed Claims Commission for marks at pre-war exchange. A tender at the new depreciated rate was made and refused.

On June 20, 1923, a petition in bankruptcy was filed against Zimmermann & Forshay in the Southern district of New York. An order was entered appointing a receiver of the assets of the alleged bankrupts. Before an adjudication took place, an offer of composition was made by Zimmermann & Forshay to their creditors, and on April 28, 1924, this offer, having been accepted, was confirmed by an order of the District Court. The alleged bankrupts were discharged from all their debts. The receiver was directed to make distribution of certain cash assets in his hands to certain creditors named in the schedules annexed to the order, and he was also directed to set aside and hold certain property to meet the claims of creditors and customers already known or which might thereafter be ascertained. He was ordered to assign and transfer all the property remaining in or which might thereafter come into his possession, to the Z. & F. Assets Realization Corporation, a New York corporation, for liquidation and distribution among the creditors of Zimmermann & Forshay.

Thereafter, on May 22, 1924, the barring order was issued which provided that all creditors failing to file claims by July 2, 1924, would be forever barred from asserting their claims. Notice of this order was mailed to all creditors appearing on the bankers' books, and it was published in a newspaper in the city of New York. Appellees did not appear on the books as creditors as to the claims here asserted, and the notice was not mailed to them. On November 23, 1926, the receiver was discharged. The claim against the Deutsche Bank was continued by the Z. & F. Assets Realization Corporation, and, on June 14, 1927, an award of $817,134.87, the mark account exchanged at 16 cents by the Mixed Claims Commission was made. Some payments on the award have been made by the United States Treasury.

Appellees asserted an interest in the payments to be made by their action in the Supreme Court of the District of Columbia, and on appeal the Court of Appeals held that the complaint stated a good cause of action. Doerschuck v. Mellon, 60 App. D. C. 383, 55 F.(2d) 741. Three years after that suit was commenced, the appellants petitioned the court below on December 14, 1932, to enjoin the suit in the District of Columbia because it was barred by the order of May 22, 1924, requiring presentation of the claims in the bankruptcy court.

■■■ We agree with the court below that the Deutsche Bank account was a debt owing to the alleged bankrupts which came into possession of the bankruptcy court and the funds arising from the debt were also subject to the orders of the bankruptcy court. In re Bor-

ok, 50 F.(2d) 75 (C. C. A. 2). This is true even though the creditor bankrupt may have been trustee for the bondholders as to part of the debt represented by one general account. It is clear that the bar order was valid. Jurisdiction to make this order remained after confirmation of the composition. In re Kalnitzsky Bros. & Oppenheim, 285 F. 652 (C. C. A. 2).

 The appellants assert that the bar order must be protected by an injunction. But the bar order is not absolute. By such an order, in the administration of property in its custody, a court of equity or bankruptcy may require claims to be presented in a reasonable time or to be forever barred. Failure to file the claim within the time provided creates the risk that a claim tardily filed will be rejected because of the unwarranted delay or other intervening circumstances. In re Lathrop, Haskins & Co., 223 F. 912 (C. C. A. 2); In re Ennis, 198 F. 381 (C. C. A. 2); In re T. A. McIntyre & Co., 176 F. 552 (C. C. A. 2). If a claimant has failed to file in time and applies to the court while still in possession of the undistributed assets, the fault may be cured and any remedy available allowed. St. Louis & S. F. R. R. Co. v. Spiller, 274 U. S. 304, 47 S. Ct. 635, 71 L. Ed. 1060; In re Morgenstern & Co., 57 F.(2d) 163 (C. C. A. 2); People of State of New York v. Hopkins, 18 F.(2d) 731 (C. C. A. 2); Employers' Corp. v. Astoria Co., 6 F.(2d) 945 (C. C. A. 2). But in the instant case the assets have been distributed and the receiver discharged. The custody of the assets by the bankruptcy court has ceased. Guaranty Trust Co. of New York v. McCabe, 250 F. 699 (C. C. A. 2).

In the pleadings the appellants do not assert and the appellees do not deny actual notice of the bar order. In this state of the pleadings, the court below said that it must be taken as true that actual notice was not received, and that, in the absence of actual notice, the order was not a bar. It would seem, without deciding this question, that the allegation of notice by publication which has been approved as legally sufficient (St. Louis & S. F. R. R. Co. v. Spiller, 274 U. S. 304, 47 S. Ct. 635, 71 L. Ed. 1060) would create a presumption in favor of actual notice which would at least require the appellees by evidence to show the contrary.

 The bankruptcy court retained jurisdiction after the order of confirmation in order to carry out the composition. In re Everick Art Corp., 39 F.(2d) 765 (C. C. A. 2); In re Kalnitzsky Bros. & Oppenheim, 285 F.

652 (C. C. A. 2). No doubt the court in bankruptcy or equity may enjoin proceedings elsewhere in order to protect its decrees. Seaboard Corp. v. Ottinger, 50 F.(2d) 856, 77 A. L. R. 956 (C. C. A. 4); Chicago, R. I. & P. Ry. v. Lincoln Horse & Mule Co., 284 F. 955 (C. C. A. 8). But in the instant case the custody of the property had long since been relinquished. Any effect of the bar order which might be claimed in a bankruptcy court in which the custody of the assets was retained may be asserted now in defense of the action elsewhere. Neither the authorities nor the circumstances here involved required the court below to protect its decree by injunction or to restrain the suit in the District of Columbia.

Order affirmed.