### OSTROFF et al. v. NEW YORK LIFE INS. CO.

### No. 1267-Y.

District Court, S. D. California, Central Division.

June 17, 1938.

Halverson & Halverson (by George Halverson), all of Los Angeles, Cal., for plaintiffs.

Meserve, Mumper, Hughes & Robertson (by Shirley E. Meserve), all of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The action, originally begun in the state courts and removed here, seeks a declaration as to the rights of the plaintiffs, who are the insured and the beneficiaries, under a policy of life insurance issued on July 23, 1929, by the defendant in the sum of $25,000, containing the usual total and permanent disability and double indemnity clauses. The insured, Jack Ostroff, alleges that he became totally and permanently disabled on August 19, 1931. After making due proof, the defendant paid him the disability payments called for by the policy from that date to the 19th day of August, 1936. It then ceased to make further payments and claimed the right to rescind the policy upon the ground of fraudulent representation made by the insured. A declaration of the right of the defendant to contest the policy upon that ground and rescind is sought.

The declaration turns upon the effect to be given to the incontestability clause in the policy which reads:

"Incontestability. This Policy shall be incontestable after two years from its date of issue except for nonpayment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

Under the recent decisions of the Supreme Court in Erie Ry. Co. v. Tompkins, 1938, 58 S.Ct. 817, 82 L.Ed. ——, and Ruhlin v. New York Life Ins. Co., 1938, 58 S.Ct. 860, 82 L.Ed. ——, the interpretation of contracts of insurance is governed by state law.

The contract here was presumably delivered in California and, ordinarily, the law of California would govern. Mutual Life Ins. Co. v. Johnson, 1934, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398; Ruhlin v. New York Life Ins. Co., 1938, 58 S.Ct. 860, 82 L.Ed. ——, California courts and our own Circuit Court of Appeals have held that an incontestability clause of this char-

acter is a statute of limitations which forbids a contest on the ground of fraud, after the expiration of the period. Mutual Life Ins. Co. v. Margolis, 1936, 11 Cal.App.2d 382, 53 P.2d 1017; Coodley v. New York Life Ins. Co., 1937, 9 Cal.2d 269, 70 P.2d 602; New York Life Ins. Co. v. Kaufman, 9 Cir., 1935, 78 F.2d 398; Stroehmann v. Mutual Life Ins. Co., 1937, 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732. Were it not for the mandatory effect of Erie Ry. Co. v. Tompkins, 1938, 58 S.Ct. 817, 82 L.Ed. ——, and Ruhlin v. New York Life Ins. Co., 1938, 58 S.Ct. 860, 82 L.Ed. ——, which overruled a precedent of almost hundred years' standing, we could decide the matter according to general principles and without regard to state law. However, we are now forbidden by these decisions to have any resort to that illusory federal common law which the decision in Swift v. Tyson, 1842, 16 Pet. 1, 10 L.Ed. 865, had created and we are bidden, in determining the substantive rights of parties, to apply and follow not only the statutory law of the state but the general common law principles declared by the highest courts of the state, as well. For a critique of these decisions, see Arthur J. Schweppe, What Has Happened to Federal Jurisprudence, 1938, 24 A.B.A. Journal 421.

■ Under the law of California, a contract must be interpreted according to law and usage of the place where it is to be performed. California Civil Code, Sec. 1646; Progresso Steamship Co. v. St. Paul Fire & Marine Insurance Co., 1905, 146 Cal. 279, 79 P. 967.

The policy of insurance, while presumably delivered in California to a resident of Los Angeles, contained the following clauses:

"Payment of Premiums. All premiums are payable on or before their due date at the Home Office of the Company or to an authorized· agent of the Company, but only in exchange for the Company's official premium receipt signed by the President, a Vice-President, a Second Vice-President, a Secretary or the Treasurer of the Company, and countersigned by the person receiving the premium. No person has any authority to collect a premium unless he then holds said official premium receipt. * * *

"The Contract * * * All benefits under this Policy are payable at the Home Office of the Company in the City and State of New York."

■ The payment of the premiums, which is the consideration for the policy, and the payment of the benefits, which is 'the obligation to be performed ·by the defendant upon the happening of certain contingencies, constitute the performance of the contract. As under the agreement of parties, this performance is to take place in the State of New York, the law of that state must govern.

■ These clauses take the policy of insurance out· of the general rule which calls for the application of the law of the State where the policy is delivered. They are specific provisions calling for performance at a particular place. The contract thus becomes a contract governed by the law of the place of performance,—that is, New York. California Civil Code, Sec. 1646; Flittner v. Equitable Life Assur. Soc., 1916, 30 Cal.App. 209, 157 P. 630. Courts have applied, without deviation, the law of the place of performance when the parties, by their agreement, have· designated a special place of performance. Pritchard v. Norton, 1882, 106 U.S. 124, 1 S.Ct. 102, 27 L.Ed. 104; Deutsche Bank Filiale Nurnberg v. Humphrey, 1926, 272 U.S. 517, 47 S.Ct. 166, 71 L.Ed. 383; Zimmermann v. Sutherland, 1927, 274 U.S. 253, 47 S.Ct. 625, 71 L.Ed. 1034; Tarbox v. Childs, 1896, 165 Mass.· 408, 43 N.E. 124; Utah State National Bank v. Smith, 1919, 180 Cal. 1, 179 P. 160; Pratt v. Dittmer, 1921, 51 Cal.App. 512, 197 P. 365. Public policy is not violated even by a specific provision making the law of another state or of a foreign country applicable to· a policy of insurance. Boole v. Union Marine Ins. Co., 1921, 52 Cal.App. 207, 198 P. 416. The courts of New York have ruled that incontestability clauses of this type do not preclude a contest upon the ground' of fraud after the expiration of the contestable period. Steinberg v. New York Life Ins. Co., 1933, 263 N.Y. 45, 188 N.E. 152, 153, 90 A.L.R. 642; Manhattan Life Ins. Co. v. Schwartz, 1937, 274 N.Y. 374, 9 N.E.2d 16; Ruhlin v. New York Life Ins. Co., 3 Cir., 1937, 93 F.2d 416. Hence a conflict exists between New York and California law. And we are bound to apply the law of New York.

■ Declaration will, therefore, be for the defendant that the defendant may contest the policy upon the ground of fraud, rescind the same upon the proof of fraud, and require. that the insured continue to· pay the premiums under the policy.

Findings and judgment to be prepared by the defendant under Rule 44. The findings are to state specifically, however, that the Court does not pass on the question of the existence or non-existence of total and permanent disability or upon the existence or non-existence of fraud in inducing the execution of the policy, but merely determines that fraud, if it exists, may be asserted against the claim of plaintiffs, notwithstanding the incontestability clause in the policy.

Exception to the plaintiffs.