Mirtha G. Fish DUNN and John S. Dunn and Waggoner Carr, Attorney General of the State of Texas, Appellants,

v.

The BANK OF NOVA SCOTIA, Appellee.

No. 23012.

United States Court of Appeals
Fifth Circuit.

March 31, 1967.

Rehearing Denied June 1, 1967.

---

J. Gordon Zuber, Asst. Atty. Gen. of Texas, Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., J. Arthur Sandlin, Asst. Atty. Gen., for appellant Attorney General of Texas.

Selby W. Sullivan, John E. Cook, Alfred H. Ebert, Jr., Houston, Tex., Andrews, Kurth, Campbell & Jones, Houston, Tex., of counsel, for appellants, Mirtha G. Fish Dunn and John S. Dunn.

Ben G. Sewell, Houston, Tex., Henry Harfield, New York City, McGregor, Sewell, Junell & Riggs, Houston, Tex., Shearman & Sterling, John E. Hoffman, Jr., New York City, of counsel, for appellee.

Before BELL and GODBOLD, Circuit Judges, and NOEL, District Judge.

## PER CURIAM.

The question in this case turns on where an obligation of the bank was performable but this depends on whether the agreement between the depositors and the bank was a usual deposit agreement. We agree with the District Court that it was. The agreement entitled "Joint Deposit Agreement", was between the bank and Mr. and Mrs. Fish, residents of Texas, whereunder certain sums in United States dollars were deposited in the Toronto branch of appellee bank. The agreement provided that in the event of the death of one of the joint depositors, the other might withdraw the sums deposited " * * * subject to any statute or law affecting such right * * * ". Upon the death of Mr. Fish, the revenue authorities of the Dominion of Canada and the Province of Ontario asserted claims for estate taxes and succession duties and placed an embargo on the balance remaining in the deposit account pursuant to the claims.

Suit was brought to recover the balance on deposit. The theory of recovery was that the agreement was performable in Texas and thus the deposit would not be subject to the embargo. The District Court held that the situs of the deposit was at the place of deposit, the Toronto branch of appellee bank, and that the obligation of the bank to repay was performable there. This was a correct holding. See Zimmermann v. Sutherland, 1927, 274 U.S. 253, 47 S.Ct. 625, 71 L. Ed. 1034; Restatement (Second), Conflict of Laws, § 346, Comment d, [Tent. Draft No. 6, 1960], for the general rule. Under Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 61 S. Ct. 1020, 85 L.Ed. 1477, the District Court was obligated to apply the conflicts law of Texas in this diversity case. The Texas law is not alleged to be different from the general rule. It follows that the deposit account was subject to Canadian law and the bank was justified in withholding payment subject to the claims. Of course, the result might be different where the place of performance under the

deposit agreement is expressly designated to be at a place other than the situs of the bank but no such facts appear here.

All of the other contentions asserted by appellants have been carefully considered but they in no way demonstrate error in the conclusions reached by the District Court.

Affirmed.